E-FILED
Monday, 10 July, 2006  04:07:54 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## IN AND FOR THE CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case Number: 06-40063 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER ON MOTION FOR BOND** |
| | ) | **REVIEW AND RELEASE FROM** |
| SETH AARON COX, | ) | **DETENTION** |
| | ) | |
| Defendant. | ) | |

On June 30, 2006, Defendant Seth Aaron Cox (Cox), filed his Motion for Bond Review and Release from Detention. That motion followed a detention hearing on June 27, 2006, at the United States Courthouse, Rock Island, Illinois, and after which Cox was ordered detained pursuant to 18 U.S.C. § 3142(f).

In response to defendant's motion, the Court ordered a hearing for July 7, 2006, at the United States Courthouse, Rock Island, Illinois. Defendant appeared in person, and with his attorney Bruce L. Carmen. The government appeared by Sara Darrow, Assistant United States Attorney.

The thrust of Cox's Motion for Bond Review and Release from Detention centers on his contentions that he has now completed 75 hours of substance abuse treatment/counseling through the Bridgeway program in Kewanee, Illinois. It is his contention that he has now "grown up," and he understands the need for him to follow Court orders, and he seeks an opportunity to continue employment to support his family.

The government resists this motion, arguing that defendant is currently serving probation through the state of Illinois, which coupled with his prior criminal history and numerous previous failed attempts at substance abuse treatment do not render him a good candidate for release.

Cox asserts that nothing in his prior record makes him a risk of harm or danger to the community.  He also proffers as a third-party custodian his girlfriend, with whom he has lived for the last five years, and with whom he shares a child.

While the Court is supportive of Cox's efforts to obtain substance abuse treatment and counseling, that alone does not convince the Court that he is a candidate for release from detention, even with electronic monitoring and/or third-party supervision.

A review of Cox's criminal record, especially during the last five years, does not establish a likelihood of success for Cox if he is released on bond with conditions by this Court.

In particular, the Court notes that in one case filed against Cox in Henry County Circuit Court, Cambridge, Illinois, Cox was convicted and sentenced to 24 months probation on November 16, 2000.  Between that date and February 25, 2003, three Petitions to Revoke Probation, and Four Supplemental Petitions to Revoke Probation were filed against Cox, who admitted the allegations and was sentenced to 30 days in jail.

On February 10, 2003, Cox was convicted of driving under the influence of alcohol in the Peoria County Circuit Court, and given a 12-month conditional discharge.  That conditional discharge was revoked on January 13, 2005.  In fact, that revocation occurred simultaneously with a second revocation in a companion case in the same circuit court, with a charge of driving while license suspended.

On August 27, 2004, Cox was convicted of a felony, driving while license suspended and driving under the influence of alcohol in an Illinois circuit court.  He received 30 months probation, and on February 21, 2006, that probation was revoked, and he was sentenced to two years confinement.  He was then paroled on May 19, 2006.

The proposed third-party custodian would not be an appropriate person to serve in that capacity. Notwithstanding the fact that the proposed individual is the mother of Cox's child, nonetheless she has been living with Cox during the period of time when Cox was receiving multiple convictions, and having his probations and/or conditional discharges revoked. The fact that these activities occurred while the two were living together satisfies the Court that the proposed third-party custodian is not in a position to exert any influence or authority over Cox.

The Court also disagrees with defendant's proposition that he is not a risk of harm or danger to the community. His record indicates just the opposite.

The Court finds that there is no combination of conditions that it can impose at the present time, based on the record before it, that would render Cox not to be a risk of harm or danger to the community. The Court views the likelihood of flight to avoid prosecution as minimal, but would note that under the present record, defendant has not rebutted the dual presumptions of risk of harm or danger to the community, and risk of flight to avoid prosecution.

For the foregoing reasons, defendant's Motion for Bond Review and Release from Detention shall be and is denied. Defendant shall remain in the custody of the United States Marshal pending further order of this Court.

IT IS SO ORDERED.

Dated this 10th day of July, 2006.

_____
THOMAS J. SHIELDS
CHIEF U.S. MAGISTRATE JUDGE